**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1441-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOSEPH PETERS,

     Defendant-Appellant.

_____

Submitted December 17, 2019 – Decided January 29, 2020

Before Judges Yannotti and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Municipal Appeal No. 18-28.

Joseph Peters, appellant pro se.

Mark Musella, Bergen County Prosecutor, attorney for respondent (Nicole Paton, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

    Defendant appeals from an order of the Law Division dated October 19, 2018, which dismissed without prejudice defendant's appeal. We affirm.

On October 20, 2017, officers from the Hackensack Police Department charged defendant with driving while intoxicated, N.J.S.A. 39:4-50 (Summons 911167); reckless driving, N.J.S.A. 39:4-96 (Summons 911169); and possession of an open container of an alcoholic beverage, N.J.S.A. 39:4-51a (Summons 911170). The matter was scheduled for trial on January 31, 2018 in the Hackensack Municipal Court.

Defendant's attorney informed the judge that defendant was moving to suppress because the police allegedly did not have probable cause to stop defendant's vehicle. The judge did not have a copy of the motion papers but agreed to hear testimony on the motion. The hearing continued on April 2, 2018. The judge denied the motion to suppress. The trial on the charges followed and concluded on April 11, 2018.

The judge found defendant guilty of driving while intoxicated, but not guilty of reckless driving and possession of an open container of an alcoholic beverage. Defendant was sentenced as a second-time DWI offender. The judge imposed a $506 fine, and required defendant to pay court costs and other monetary penalties. The judge ordered a two-year suspension of defendant's driving privileges. In addition, the judge required defendant to use an interlock

A-1441-18T4

device on his vehicle for one year, spend forty-eight hours at an Intoxicated Drivers Resource Center, and perform thirty hours of community service.

Defendant filed an appeal to the Law Division and asserted that he had been denied the effective assistance of counsel. Defendant claimed his attorney was deficient because he failed to: file a motion to suppress evidence based on an alleged unlawful stop; prepare adequately for trial; subpoena available police digital data records; identify outdated calibration test data on the Alcotest unit; have knowledge of relevant case law; act on information defendant relayed to him during the trial; and review certain video recordings with defendant for his input and clarification. Defendant also claimed he was denied his right to equal protection under the law because he was transported to the New Milford police station for the Alcotest, but there were no cameras at that location to record the test.

The State moved to dismiss the matter on the ground that defendant was asserting claims for ineffective assistance of counsel, which should be raised in a petition for post-conviction relief (PCR) and first presented to the municipal court. The Law Division judge agreed and entered an order dated October 19, 2018, which dismissed the appeal without prejudice and stated that defendant

3

"is permitted to file a petition for [PCR] in the Hackensack Municipal Court." This appeal followed.

On appeal, defendant argues:

> I. THE LAW DIVISION ERRED BY DISMISSING DEFENDANT'S APPEAL WITHOUT TAKING INTO CONSIDERATION[] THAT THE PROSECUTOR FILED A LETTER IN RESPONSE TO DEFENDANT'S BRIEF WITHOUT INCLUDING [AN] AFFIDAVIT OF SERVICE TO THE DEFENDANT. DEFENDANT WAS DENIED THE OPPORTUNITY TO REPLY. (Not raised below).

> II. THE LAW DIVISION ERRED BY DISMISSING DEFNDANT'S APPEAL WITHOUT TAKING INTO CONSIDERATION THAT THE TRIAL RECORD WAS MORE THAN SUFFICIENT FOR REVIEW OF THE DEFENDANT'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL [RE: SUPPRESSION HEARING].

> III. THE LAW DIVISION FAILED TO REVIEW THE CLAIM THAT THE ALCOTEST CALIBRATION REQUIREMENTS WERE NOT MET.

We have carefully considered the record and conclude that defendant's arguments on appeal lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). However, we add the following.

As we have explained, in his direct appeal to the Law Division, defendant asserted claims of ineffective assistance of counsel. Generally, the courts refuse to entertain such claims on direct appeal because they involve allegations and

evidence that lie outside the trial record. State v. Hess, 207 N.J. 123, 145 (2011). Indeed, our courts have a general policy against addressing such claims on direct appeal. See State v. Preciose, 129 N.J. 451, 460 (1992).

Here, defendant argues that the trial record is sufficient to decide whether he was denied the effective assistance of trial counsel. We disagree. The trial record clearly is insufficient to address many of defendant's claims, such as his allegations that counsel was deficient because he did not file a motion to suppress based on the stop, failed to act on information that defendant relayed to him during the trial, was unfamiliar with the applicable law, and did not prepare adequately for trial.

The Law Division judge correctly determined that, under our court rules, defendant's claims must first be raised in a PCR petition and decided by the municipal court. Rule 7:10-2(a) provides that, "[a] person convicted of an offense may, pursuant to this rule, file with the municipal court administrator of the municipality in which the conviction took place, a petition for [PCR] captioned in the action in which the conviction was entered." The Law Division judge did not err by dismissing the appeal without prejudice.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1441-18T4